IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00335-WDM-KLM

KYLE K. BELL,

    Applicant,

v.

UNITED STATES OF AMERICA,
BUREAU OF PRISONS, and
WARDEN WILEY,

    Respondents.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court *sua sponte*.  Pursuant to the Court's review of Applicant's **Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Docket No. 4] ("Application"), Respondents' Answer Brief [Docket No. 23], and Applicant's Traverse [Docket No. 25], the Court finds that the allegations and claims contained in the Application are not properly the subject of a habeas action.  Therefore, the Court recommends that the case be converted to a civil rights action and that Plaintiff be ordered to submit a complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971) (extending the protection of 42 U.S.C. § 1983 to federal prisoners) ("*Bivens*").  My recommendation is explained below.

    Applicant is a federal prisoner in the custody of the Bureau of Prisons.  *Application* [#4] at 1.  He is currently incarcerated at the Administrative Maximum prison in Florence, Colorado ("ADX").  *Id.*  The Application asserts three claims for relief.  First, Applicant

contends that he received a disciplinary conviction in violation of his Fifth Amendment right to due process. *Id.* at 3. Second, Applicant contends that the sanctions imposed constitute cruel and unusual punishment in violation of the Eighth Amendment.[1] *Id.* at 3. Lastly, Applicant contends that while he was in segregation following his disciplinary conviction, unknown individuals stole his personal property and ADX officials refused to conduct an investigation. *Id.* at 4. He claims this is in violation of his Fifth Amendment rights to due process and equal protection. *See id.* These claims appear to be classic conditions of confinement claims suitable for review pursuant to a *Bivens* action.

Although Respondents failed to file a Motion to Dismiss the Application for lack of jurisdiction, they raise this issue in their Answer Brief. *See Answer Brief* [#23] at 5-8. As a preliminary matter, a Motion to Dismiss is the preferred method to efficiently alert the Court of jurisdictional deficiencies associated with a habeas petition. Regardless, I consider the jurisdictional issue now and agree that Applicant cannot proceed pursuant to § 2241.

I base my decision on the language and purpose of the habeas statute. Specifically, § 2241 addresses allegations that an inmate "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). To this end, "[p]etitions under § 2241 are used to attack the execution of a sentence . . . [and] the fact or duration of a prisoner's confinement . . . ." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809,

---

[1] Although framed as an Eighth Amendment claim, a claim which relates to sanctions imposed pursuant to a disciplinary conviction, and the atypical nature of those sanctions in relation to the incidents of ordinary prison life, is properly asserted as a Fifth Amendment due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Castro v. United States*, 450 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a *pro se* party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis").

811-12 (10th Cir. 1997) (citations omitted). For instance, § 2241 is the proper vehicle to challenge a disciplinary conviction that results in the deprivation of good-time credits or an increased sentence. *See id.*; *Pearson v. Wiley*, 241 Fed. Appx. 488, 489 (10th Cir. 2007) (unpublished decision); *see also Heck v. Humphrey*, 512 U.S. 477 (1994). However, where good-time credits or an increased sentence are not implicated, such claims are not cognizable pursuant to § 2241 and must be asserted pursuant to 28 U.S.C. § 1983 or *Bivens*. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Boyce v. Ashcroft*, 251 F.3d 911, 914-18 (10th Cir.), *vacated on other grounds by* 268 F.3d 953 (2001).

A liberal review of the Application and attached documents does not reveal any allegation or inference that Applicant's disciplinary conviction impacted the execution or length of his sentence. As a preliminary matter, Claim Three, which relates to the alleged loss of personal property, is unrelated to the execution or duration of Applicant's sentence. While Claims One and Two relate to a disciplinary conviction, the sanctions imposed as a result of the conviction are specifically limited to disciplinary segregation for 30 days and loss of commissary, telephone, visiting, property, television and radio privileges for 180 days. *Application* [#4] at 11. None of these sanctions impact the execution or length of Applicant's sentence. *See Boyce*, 251 F.3d at 914 (noting that challenges of prison decisions to transfer prisoner to segregation, revoke his privileges, or remove him from certain programs are conditions of confinement cases which "must proceed under Section 1983 or *Bivens*"); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (holding that where restoration of credits would have the effect of shortening the length of confinement in prison, even if it would not effect immediate release, habeas corpus is the appropriate remedy).

In his Traverse, Applicant admits that "[t]he DHO may not have taken good time," and that he "still earn[s] good time," however, "the argument can be made that the incident report had an affect [sic] on my release date." *Traverse* [#25] at 5. Despite the suggested interpretation of his claims, Applicant's statement is not supported by the allegations contained in his Application or the record attached thereto. Further, although Applicant contends for the first time in his Traverse that the disciplinary conviction deprived him of the opportunity to step-down to less-restrictive units at ADX and eventually transfer to a less-restrictive facility where he might earn good-time credits at a faster rate, these claims are more appropriately the subject of a *Bivens* action. *See, e.g.*, *Rezaq v. Nalley*, 07-cv-02483-LTB-KLM, 2008 WL 5172363, at **6-10 (D. Colo. Dec. 10, 2008) (unpublished decision); *Ajaj v. United States*, No. 03-cv-01959-MSK-PAC, 2006 WL 1305198, at **9-10 (D. Colo. May 11, 2006) (unpublished decision); *Ajaj v. United States*, 293 Fed. Appx. 575, 587 (10th Cir. 2008) (unpublished decision).

The Court notes that the process of subjecting a *pro se* case to preliminary review prior to its assignment to a District Judge and Magistrate Judge should ordinarily resolve case filing deficiencies of this nature. It is unclear why preliminary review did not identify or correct those deficiencies here. The misidentification of this case as a habeas petition may have been prompted by the type of relief requested by Applicant, i.e., immediate release from prison, see *Application* [#4] at 5, which is not an available form of relief in a civil rights case. *See generally Preiser*, 411 U.S. at 484-85 (noting that securing a release from prison is the traditional function of a habeas petition).[2] Nevertheless, the Court has

---

[2] While release from prison is a typical form of relief in a habeas action, the mere assertion of it here, when there is no corresponding factual basis for release, does not convert a

4

no jurisdiction to review a civil rights action which does not impact a prisoner's release date pursuant to § 2241. *Boyce*, 251 F.3d at 914-18. Prior to resolution of the claims at issue in this case, several procedural actions (as set forth below), must be taken to proceed.

IT IS HEREBY **RECOMMENDED** that the case be converted to a civil rights action asserted pursuant to *Bivens*. While I could recommend that the case be dismissed for lack of jurisdiction, I decline to do so here given the length of time the case has been pending as a habeas action and the likelihood that the applicable statute of limitations would bar Plaintiff's reassertion of his claims in a new *Bivens* action. In the event that the District Court accepts the above Recommendation,

IT IS FURTHER **RECOMMENDED** that Applicant be ordered to take certain actions to effect this conversion:

(1) Within thirty (30) days of the District Court's acceptance of this Recommendation, Applicant shall file a complaint on the Court's prisoner complaint form. In conjunction with this Recommendation, the Clerk shall mail two copies of the Court's prisoner complaint form to Applicant;

(2) Applicant's complaint shall be titled "Prisoner Complaint" and it shall be brought pursuant to 28 U.S.C. § 1331 and *Bivens*. The complaint shall contain only those claims asserted in the current Application; and

(3) Within thirty (30) days of the District Court's acceptance of this Recommendation, Applicant shall either (a) pay the $350 filing fee or (b) file a motion to proceed *in forma*

---

conditions of confinement case, which ordinarily seeks damages, into a habeas action. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (noting that if a favorable decision on the merits of the claim would not automatically entitle prisoner to earlier release date, the case should proceed pursuant to § 1983 or *Bivens* instead of habeas petition).

5

*pauperis* pursuant to 28 U.S.C. § 1915 and attach an affidavit and certified copy of his prisoner trust fund statement from the six-month period preceding the motion's filing. In conjunction with this Recommendation, the Clerk shall mail two copies of the Court's motion to proceed *in forma pauperis* form to Applicant.

IT IS FURTHER **RECOMMENDED** that if Applicant fails to pay the filing fee or file a motion to proceed *in forma pauperis* or if he fails to file a complaint which complies with this Recommendation within the prescribed time period, Applicant's case should be dismissed without prejudice for lack of jurisdiction.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 19, 2009

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix