IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   08-cv-00335-WDM-KLM

KYLE K. BELL,

     Applicant,

v.

UNITED STATES OF AMERICA,
BUREAU OF PRISONS, and
WARDEN WILEY,

     Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Kristen L. Mix (doc no 27), filed May 19, 2009, that this case, now based on Applicant's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, be converted to a civil rights action and that Applicant be ordered to submit a complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). Applicant filed a document entitled "Objection to Recommendation of U.S. Magistrate Judge" (doc no 30), but only seeks clarification on a legal issue.  Respondents filed an objection (doc no 32) to the recommendation, arguing that permitting Applicant to file a complaint would be futile because all of his claims are frivolous.  I will accept the recommendation.

As noted by Magistrate Judge Mix, although Applicant asserts his claims in a habeas

petition, they primarily concern a disciplinary conviction. Because he did not lose any good time credits and the disciplinary conviction did not otherwise affect the execution or length of his sentence, a petition for habeas corpus is not the proper vehicle for such claims.

In his objection, Applicant states that it is his understanding that good time does not need to be revoked for relief to be available pursuant to 28 U.S.C. § 2241, citing *Wolff v. McDonnell,* 418 U.S. 539 (1974). It is unclear to me whether Applicant is asserting an objection or whether he disagrees with the analysis contained in the recommendation. *Wolff* establishes that prisoners possess a liberty interest in their statutorily provided good time credits. Applicant cites no authority to support the proposition that a habeas petition is appropriate even where no good time credits are lost as a result of a disciplinary conviction. Accordingly, any objection asserted by Applicant in this regard is overruled.

Respondents object on the grounds that even if Applicant asserts his claims in a properly filed civil rights complaint, they will nonetheless fail on the merits. I conclude that Respondents' arguments are premature and that given the current posture of the case it would be inappropriate to examine the merits of the claims. Respondents request in the alternative that any complaint filed by Applicant be screened pursuant to the Prison Litigation Reform Act. I agree that this would be appropriate.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Kristen L. Mix (doc no 27), filed May 19, 2009 is accepted.

2. Within 30 days of the date of this order, Applicant shall file a complaint on the Court's prisoner complaint form. The Clerk shall mail two copies of the Court's prisoner complaint form to Applicant. Applicant does not need to

refile the exhibits now appended to his habeas petition.

3. Applicant's complaint shall be titled "Prisoner Complaint" and it shall be brought pursuant to 28 U.S.C. § 1331 and *Bivens*. The complaint shall contain only those claims asserted in the current Application.

4. Within 30 days of the date of this order, Applicant shall either (a) pay the $350 filing fee or (b) file a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and attach an affidavit and certified copy of his prisoner trust fund statement from the six-month period proceeding the motion's filing. The Clerk shall mail two copies of the Court's form motion to proceed *in forma pauperis* to Applicant.

5. After Applicant's complaint is filed, it shall be subject to the same screening procedures that would be used if this were a new case.

DATED at Denver, Colorado, on June 9, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge