IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00335-WDM-KLM

KYLE K. BELL,

  Plaintiff,

v.

UNITED STATES OF AMERICA,
BUREAU OF PRISONS, and
WARDEN WILEY,

  Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Court Appointed Counsel**

[Docket No. 44; Filed August 7, 2009] ("Motion to Appoint Counsel") and **Motion for Order**

[Docket No. 46; Filed August 7, 2009] ("Motion for Order").  As a preliminary matter, review

of the docket in conjunction with ruling on the present Motions reveals that Plaintiff has filed

letters and declarations with the Court [Docket Nos. 48 & 49].  The Federal and Local Rules

Civil Procedure require that parties to civil litigation file *motions* when they seek relief from

the Court.  Fed. Rule Civ. P. 7(b)(1) ("An application to the court for an order shall be by

motion . . ."); D.C. Colo. L. Civ. R. 7.1(C) & 77.2 .   The Court does not consider

declarations, letters, or other pleadings not docketed as motions or attached to motions.

IT IS HEREBY **ORDERED** that the Motion to Appoint Counsel [#44] is **DENIED**.  As

the Court informed Plaintiff when he was proceeding as a habeas applicant, there is no

constitutional right to appointment of counsel in a civil case [Docket No. 24].  Moreover, the

Court does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so.  The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel.  However, the Court clarifies that mere placement on this list would not automatically mean that Plaintiff would receive counsel.  Rather, placement on the list results in representation being secured for Plaintiff only if counsel volunteers to represent him.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.  In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated an ability to frame facts and state claims for

relief.  His  filings to date indicate that Plaintiff has an adequate grasp of the facts and issues in this case.  The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze.   Further, I note that the record does not indicate that Plaintiff has made any attempts to secure *pro bono* counsel for himself.

The fact that Plaintiff is incarcerated at ADX or lacks legal training does not warrant appointment of counsel.  The fact of Plaintiff's incarceration or lack of legal acumen is a normal, not a special, circumstance in this type of case, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel. Although mindful of the difficulties faced by *pro se* prisoners, and regardless of where a prisoner is housed, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel.  *See, e.g., Mallard*, 490 U.S. at  301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).  Here, I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his incarceration and lack of legal training.  To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).  However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

IT IS HEREBY **ORDERED** that the Motion for Order [#46] is **GRANTED in part and DENIED in part** for the reasons set forth below.

To the extent that Plaintiff asks to add five additional pages of exhibits to his pending Complaint [Docket No. 43], the Motion is **granted**.  The Court deems the exhibits at pages 3-7 of Docket No. 46 to be a part of the case record and they shall be considered in conjunction with Plaintiff's Complaint.

To the extent that Plaintiff asks the Court to "allow[] an automatic additional 7 days beyond any deadline given to the Plaintiff for filing whatever the Court orders," the Motion is **denied**.  As a preliminary matter, this portion of the Motion is premature as no case deadlines have been set.  Further, regardless of Plaintiff's incarcerated status, any deadlines set in this case shall apply to Plaintiff.  If Plaintiff cannot meet a particular deadline, he may file a motion to extend the deadline supported by a statement of good cause.  However, as the Court does in all of its cases, when the time comes to set case deadlines, the Court will take into consideration the amount of time the party reasonably needs in order to complete the task assigned and set the deadline accordingly.

Dated:  August 13, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix