IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00335-WDM-KLM

KYLE K. BELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
BUREAU OF PRISONS, and
WARDEN WILEY,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Withdraw as Attorney of Record** [Docket No. 56; Filed August 27, 2009] ("Motion No. 56"); Plaintiff's **Motion for Reconsideration of Order Denying App. [sic] of Counsel** [Docket No. 59; Filed August 28, 2009] ("Motion No. 59") and Plaintiff's **Motion for Order to Secure Evidence** [Docket No. 60; Filed August 28, 2009] ("Motion No. 60"). As a preliminary matter, the Court informs the parties that, pursuant to Senior Judge Walker D. Miller's Order of June 9, 2009 [Docket No. 34], this case has been returned for preliminary review by the *pro se* unit. That review is not yet complete. Until such time as the Court receives notice that the case has been approved to proceed, **no further unsolicited motions or pleadings shall be filed by the parties**.

    IT IS HEREBY **ORDERED** that Motion No. 56 is **DENIED without prejudice** due to counsel's failure to comply with the requirements of D.C. Colo. L. Civ. R. 83.3(D).

Counsel may refile a motion which complies with Local Rule 83.3(D).

IT IS HEREBY **ORDERED** that Motion No. 59 is **DENIED**. A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Here, Plaintiff contends that I should reconsider my prior Order denying Plaintiff the appointment of counsel [Docket No. 42] because he has now provided evidence of his unsuccessful efforts to secure counsel on his own. Although I found it was unclear that Plaintiff had made efforts to secure counsel, this finding was not dispositive of the issue of whether Plaintiff had provided special circumstances to warrant the appointment of counsel. *See Order* [#53] at 2-3. Plaintiff's failed attempts to secure counsel do not provide a legal basis for reconsideration, and the Motion is denied. The Court reminds Plaintiff that while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

IT IS HEREBY **ORDERED** that Motion No. 60 is **DENIED**. The Motion purports to seek an order compelling Defendants to produce discovery. As this case has not yet

proceeded beyond the preliminary stage, any requests for discovery are premature. Further, to the extent that a party seeks to compel discovery he must comply with Fed. R. Civ. P. 37 and provide the Court with the applicable discovery request and the opposing party's response pursuant to D.C. Colo. L. Civ. R. 37.1.  When the case is ready to move forward, the Court will hold a preliminary scheduling conference where case deadlines will be set.  **Until such time, no discovery is permitted**.

Moreover, to the extent that the Motion can be interpreted to seek an order to preserve evidence, parties to a lawsuit are required to preserve relevant evidence pursuant to Fed. R. Civ. P. 11 and the Federal Rules of Evidence without a specific order from the Court.  *See United States v. Boeing Co.*, No. 05-1073-EWB, 2005 WL 2105972, at *2 (D. Kan. Aug. 31, 2005) (unpublished decision).

Dated:  September 2, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix