IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   08-cv-00335-WDM-KLM

KYLE K. BELL,

    Applicant,

v.

UNITED STATES OF AMERICA,
BUREAU OF PRISONS, and
WARDEN WILEY,

    Respondents.

## ORDER OF DISMISSAL

Miller, J.

This case is before me on the Prisoner Complaint (doc no 43) filed by Plaintiff. In an order (doc no 34) dated June 9, 2009, I accepted the recommendation of Magistrate Judge Kristen L. Mix that this case, originally based on Applicant's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, be converted to a civil rights action and that Applicant be ordered to submit a complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971).   Pursuant to that recommendation, I ordered Applicant/Plaintiff Kyle Bell to file a civil rights complaint. Nonetheless, I concluded that the Complaint should be reviewed pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1) to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief can be granted.  A frivolous claim is one that "lacks an arguable basis either in law or in fact," which may apply to both

unsupportable legal conclusions and "the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). After review of Plaintiff's complaint, I conclude that Plaintiff's claims should be dismissed for failure to state a claim.

Plaintiff is a federal prisoner incarcerated at the Administrative Maximum prison in Florence, Colorado ("ADX"). Plaintiff asserts that he was written up on September 27, 2005 for threatening staff with bodily harm. The evidence against him was a note, which officials determined was written in his handwriting. Plaintiff was convicted of the disciplinary infraction and suffered sanctions, including thirty days of disciplinary segregation and loss of various privileges. Plaintiff asserts three claims for relief: (1) violation of due process for permitting a disciplinary officer who did not like Plaintiff, and who is not trained as a handwriting analyst, to opine that the threatening letter was written in Plaintiff's handwriting and for denying Plaintiff a copy of the letter for his own analysis; (2) violation of the Eighth Amendment prohibitions on cruel and unusual punishment for the infliction of the disciplinary sanctions; and (3) violation of due process and equal protection because Plaintiff's property was stolen and prison officials did not adequately investigate the theft.

In order to succeed in a *Bivens* action, a plaintiff must demonstrate that federal officials, while acting under color of federal law, violated the plaintiff's federal constitutional rights. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). However, a *Bivens* claim may not be asserted directly against the United States, federal officials in their official capacities, or federal agencies. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citation omitted). The defendants in this case are the United States, the Bureau of Prisons, and Warden Wiley. Only a claim against Warden Wiley in his individual capacity

can be maintained in a *Bivens* action; the claims against the United States and its agencies must be dismissed.

However, the claims against Warden Wiley also fail because Plaintiff has failed to allege, and his exhibits do not indicate, that this defendant directly participated in any constitutional violation. *Kite v. Kelley,* 546 F.2d 334, 338 (10th Cir.1976) (individual liability in *Bivens* action must be based on personal involvement in the alleged constitutional violation, as *respondeat superior* liability does not apply). The exhibits, which include all of the documentation regarding the disciplinary proceedings and imposition of sanctions arising out of the threatening note, clearly demonstrate that Warden Wiley had no involvement in these events and therefore cannot be liable under Plaintiff's first and second claims.

With respect to the third claim, Plaintiff alleges only that "[t]he warden told me I did not provide enough proof to him, for him to believe my property was actually stolen." Complaint at p. 6. Plaintiff's exhibits include a response to a Request for Administrative Remedy, signed by Warden Wiley, in which relief is denied for the alleged theft of Plaintiff's property. Denial of a grievance is not a basis for civil rights liability. *Larson v. Meek*, 240 Fed. Appx. 777, 780, 2007 WL 1705086 at *3 (10th Cir., June 14, 2007) (citing *Lomhold v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (per curiam)) (denial of grievances, standing alone, is insufficient to establish personal participation in an alleged constitutional violation). In addition, Plaintiff's claim in this regard fails on the merits. Plaintiff has not alleged any facts showing that he was treated differently than others who are similarly situated, an essential element of an equal protection claim. *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). In addition, Plaintiff alleges no more than negligence by the prison

officials who failed to prevent or adequately investigate the alleged theft of Plaintiff's property, which is inadequate to state a constitutional claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in the original).

Because all of the claims against these defendants fail to state a claim, Plaintiff's complaint should be dismissed.

Accordingly, it is ordered:

1.  The Prisoner Complaint (doc no 43) is dismissed.

DATED at Denver, Colorado, on September 9, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge