IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-00335-WDM-KLM

KYLE K. BELL,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
BUREAU OF PRISONS, and
WARDEN WILEY,

      Defendants.

_____

ORDER DENYING MOTION

_____

Miller, J.

      Plaintiff has filed *pro se* on September 15, 2009, a document titled "Objection to

Senior Judge Miller's Order of Dismissal."  Plaintiff asks me to reconsider my Order of

Dismissal entered in this action on September 9, 2009, and to issue a certificate of

appealability.  The September 15 document has been docketed as a motion for

certificate of appealability.  I must construe the motion liberally because Plaintiff is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the

motion will be denied.

      A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  Plaintiff filed the instant motion within ten days after the Judgment was

entered in this action on September 11, 2009.  Therefore, to the extent Plaintiff asks me

to reconsider the Order of Dismissal, I will consider the motion pursuant to Rule 59(e).

*See id.*  The three major grounds that justify reconsideration are:  (1) an intervening

change in controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*,

204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff initiated this action as a habeas corpus action but he did not assert any

habeas corpus claims.  Therefore, on June 9, 2009, I ordered Plaintiff to file a complaint

on the Court's prisoner complaint form pursuant to 28 U.S.C. § 1331 and *Bivens v. Six*

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and either

to pay the filing fee or to file a properly supported motion seeking leave to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915.  My June 9 order stated that Plaintiff's

complaint, once filed, would be subject to the same screening procedures that would be

used if this were a new case.  On August 7, 2009, Plaintiff's Prisoner Complaint was

filed in this action.  In my September 9 order, I reviewed the Prisoner Complaint

pursuant to 42 U.S.C. § 1997e(c)(1) and dismissed Plaintiff's claims for failure to state a

claim upon which relief can be granted.  In particular, I determined that Plaintiff could

not assert a *Bivens* claim against the United States, the Bureau of Prisons, or Warden

Wiley in his official capacity and that Plaintiff failed to allege personal participation by

Warden Wiley in his individual capacity.

Plaintiff asks me to reconsider the Order of Dismissal because, he argues, I

directed him to raise in his complaint only those claims that already were asserted in his habeas corpus application and that is what he did.  Plaintiff further argues that he would have had to amend his claims to assert them against individual Defendants.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Plaintiff fails to demonstrate the existence of any new law or evidence and he fails to convince me of the need to correct clear error or prevent manifest injustice.  Plaintiff is correct that he was ordered to raise in his complaint only those claims that were asserted in his habeas corpus application. However, the Court did not direct Plaintiff to assert those claims against the Respondents named in his habeas corpus application.  Therefore, to the extent Plaintiff is asking me to reconsider the Order of Dismissal, the request will be denied.

Finally, to the extent Plaintiff seeks issuance of a certificate of appealability, that request will be denied because no certificate of appealability is necessary in this action. Accordingly, it is

ORDERED that the motion for certificate of appealability (docket #74) filed on September 15, 2009, is denied.

DATED at Denver, Colorado, this <u>21st</u> day of <u>September</u>, 2009.

BY THE COURT:

s/ Walker D. Miller

_____
Walker D. Miller
United States Senior District Judge